IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA JAMES McCORMICK,<br><br>Defendant. | CR 13–11–M–DLC–03 |

Defendant Joshua James McCormick was charged with violating his conditions of probation by consuming marijuana and failing to appear for scheduled drug tests. He admitted to the violations. The Court will continue Defendant on probation with additional conditions of probation imposed.

### BACKGROUND

In 2012, Defendant was found in possession of several stolen firearms. He admitted to law enforcement that he obtained the firearms when he and three other young men burglarized two pawn shops in Kalispell, Montana. Defendant pled guilty to possession of stolen firearms in violation of 18 U.S.C. § 922(j). Judge Donald W. Molloy imposed a five-year probationary term on September 11, 2013.

The United States Probation Office filed a petition to revoke Defendant's

probation on May 15, 2014, alleging Defendant violated Special Conditon No. 1 by failing to participate in substance abuse testing, and Special Condition No. 7 by consuming marijuana. Based on the petition, the Court issued a warrant for Defendant's arrest.

Defendant was arrested on May 17, 2014. He appeared before Magistrate Judge Jeremiah C. Lynch on May 20, 2014. Defendant was accompanied by Dwight Schulte, who was appointed counsel. The United States was represented by Assistant United States Attorney Cyndee Peterson. Defendant waived his right to a preliminary hearing. Judge Lynch ordered Defendant be detained until a final revocation hearing could be held.

On July 11, 2014, the Court held a hearing on the petition to revoke. Defendant was represented by Mr. Schulte. The United States was represented by Tim Racicot. Defendant waived his right to a hearing on the allegations in the petition. He admitted to violating the conditions of probation, as alleged in the petition. The Court concludes the admissions establish the violations.

The violation grade is C, his criminal history category is I, and the underlying violation is a class C felony. The United States Sentencing Guidelines call for 3 to 9 months imprisonment. U.S. Guidelines Manual, Ch. 7. Defendant could be ordered to remain on supervised release for up to 36 months, less any

custodial time imposed. Mr. Schulte and Mr. Racicot agreed with this statement of potential penalties.

Mr. Schulte requested a sanction of continued probation with the addition of a condition that he participate in a substance abuse program. Mr. Schulte contended that revocation is not mandatory under 18 U.S.C. § 3565(b)(1) when Defendant merely failed a drug test. He noted that Defendant has already served 55 days imprisonment and that continued probation will actually result in a longer period of supervision than would be possible if Defendant's probation were revoked.

Defendant addressed the Court. He said that his time in prison has taught him that his drug abuse is not worth his freedom. He said that he had learned his lesson and will tackle his drug problem through treatment.

Mr. Racicot agreed that continued probation is likely the most reasonable course. He noted that a longer period of supervision could be maintained if probation were continued, as opposed to revoking Defendant's probation.

## ANALYSIS

The Court will resolve the petition to revoke through continued probation with additional conditions imposed pursuant to 18 U.S.C. § 3565(a)(1). Despite testing positive for marijuana and Defendant's admission that he used marijuana,

the Court does not view these admissions as requiring revocation pursuant to 18 U.S.C. § 3565(b)(1). *See U.S. v. Baclaan*, 948 F.2d 628, 630 (9th Cir. 1991); U.S.S.G. § 7B1.4, comment. (n. 6).

The Court concludes the most appropriate course is to continue Defendant's probation with additional conditions, including a period of home confinement. This ultimately allows for a longer period of supervision, and effectively requires Defendant to carry out his entire probationary sentence. Revoking Defendant's probation would actually result in a kind of windfall to Defendant, reducing Defendant's term of supervision by more than a year. Notably, the 55 days of imprisonment that Defendant has already served appears to have awakened Defendant to the reality of his situation and the possibility of additional incarceration should he again violate the conditions of his probation.

IT IS ORDERED that Defendant shall continue his term of probation.

IT IS FURTHER ORDERED that Defendant shall comply with the standard conditions of probation as recommended by the United States Sentencing Commission, and which have been adopted by this Court.

1) The defendant shall not commit any Federal, state, or local crime, and shall not possess a controlled substance.

2) The defendant shall be prohibited from owning, using, or being in

constructive possession of firearms, ammunition, or other destructive devices while on probation and any time after the completion of the period of probation unless granted relief by the Secretary of the Treasury.

3) The defendant shall cooperate in the collection of DNA as directed by the United States Probation Officer.

IT IS FURTHER ORDERED that the defendant shall also comply with the following special conditions:

1) The defendant shall be monitored by Radio Frequency (RF) Monitoring for a period of 6 months, and shall abide by all technology requirements. The defendant shall pay all or part of the costs of participation in the location monitoring program as directed by the court and probation officer. This form of location monitoring technology shall be utilized to monitor the following restriction on the defendant's movement in the community as well as other court-imposed conditions of release:

> The defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved in writing by the probation officer.

2) The defendant shall participate in substance abuse testing, to include not more than 2 urinalysis or breathalyzer tests per day during the period of supervision. The defendant is to pay all or part of the costs of testing as determined by the United States Probation Officer.

3) The defendant shall participate in and complete a program of substance abuse treatment as approved by the United States Probation Office, until the defendant is released from the program by the probation officer. The defendant is to pay part or all of the cost of this treatment, as determined by the United States Probation Officer.

4) The defendant shall not ingest or inhale any toxic substance such as, but not limited to, synthetic marijuana and/or synthetic stimulants that is not manufactured for human consumption, for the purpose of altering his or her mental or physical state.

5) The defendant shall submit his person, residence, place of employment, vehicles, and papers, to a search, with or without a warrant by any probation officer based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The defendant shall allow seizure of suspected

contraband for further examination.

6) The defendant shall abstain from the consumption of alcohol and shall not enter establishments where alcohol is the primary item of sale. This condition supersedes standard condition number 7 with respect to alcohol consumption only.

7) The defendant shall not purchase, possess, use, distribute or administer marijuana, or obtain or possess a medical marijuana card or prescription. This condition supersedes standard condition number 7 with respect to marijuana only.

8) The defendant shall obtain a GED within 365 days of the date of this Order.

DATED this 11th day of July 2014.

/s/ Dana L. Christensen
Dana L. Christensen, Chief District Judge
United States District Court